Dear Mr. Autin:
As general counsel for the Greater Lafourche Port Commission (the GLPC), you ask whether GLPC harbor policemen, who are full-time employees of the GLPC[1], may also serve as part-time police officers for the Town of Golden Meadow.
R.S. 42:63(E) of the Dual Officeholding and Dual Employment Law provides:
 E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
R.S. 42:63(E) prohibits the holding of two full-time employments, but does not prohibit the holding of two employments where one is held on a part-time basis.[2] Note the conclusion of this office in Opinion 93-29, that while a full-time fireman may also be employed as part-time police officer, his duties may not conflict. "In other words, the police officer may not be paid as a fireman while he is serving and being paid as a police officer." See Opinion 93-29, copy attached.
The dual officeholding provisions do not prohibit GLPC harbor police officers from holding part-time employment as police officers for the Town of Golden Meadow, with the limitation that the duties of the positions do not conflict. *Page 2 
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg *Page 1 
RICHARD P. IEYOUS
ATTORNEY GENERAL
 MARCH 22, 1993 OPINION NO. 93-29
Fireman may not be compensated as a fireman while performing duties as a part-time police officer.
78-Officers Dual Officeholding
R.S. 15:255(E), R.S. 42:61A
Honorable Eddie Knoll
District Attorney
Twelfth Judicial District
Parish of Avoyelles
State of Louisiana
P.O. Box 426
Marksville, Louisiana 71351
Dear Mr. Knoll:
Your inquiry of recent date addressed to Attorney General Richard P. Ieyoub has been directed to me for attention and reply.
I understand your question to be as follows:
 May a full-time fireman who is required to testify in a criminal case arising from the fireman's duties as a part-time policeman be entitled to off-duty witness fees during the times he is being paid as a fireman.
Thank you for calling to our attention R.S. 15:255(E)(1) regarding entitlement to witness fees for off duty enforcement officers who are required to testify in a criminal case. In that connection you also call to our attention the following exception: "This fee shall not be paid, however, to any law enforcement officer who is compensated by his employer for his appearance as a witness. . . ."
More importantly, however, is the fact that although a full-time fireman may also be employed as a part-time police officer under Louisiana's Dual Officeholding and Dual Employment Law, his duties may not conflict. In other words, the police officer may not be paid as a fireman while he is serving and being paid as a police officer. *Page 2 
Therefore, it is the opinion of our office that the fireman may not receive pay for his work as a fireman while performing duties as a police officer. The fireman would then be entitled to witness fees under R.S 15:255 (E) (1) since he would not be receiving compensation as a fireman.
If you have any further questions regarding this matter please contact our office.
Sincerely,
RICHARD P. IEYOUB
ATTORNEY GENERAL
BY:__________________________
HARRY H. HOWARD
Spec. Asst. Attorney General
HHH:jg
[1] The Greater Lafourche Port Commission maintains a unit of port and harbor police officers pursuant to R.S. 34:1652.1, which empowers the harbor police officers with ". . . . the same power to make arrests . . . and . . . have all the powers of sheriffs as peace officers in all places . . . under the jurisdiction and control of the commission . . ." See R.S. 34:1652.1(C).
[2] R.S. 42:62(4) and (5) provide as follows:
(4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.